**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor R Gracia,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-17-02331-PHX-DLR<br><br>**ORDER** |

        Plaintiff Victor Gracia[1] applied for Social Security Disability Insurance Benefits on April 4, 2013, alleging disability beginning March 25, 2013. After state agency denials, Gracia appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). A vocational expert also testified. Following the hearing, the ALJ issued a written decision finding that Gracia is not disabled within the meaning of the Social Security Act ("SSA"). The ALJ's decision became the Commissioner of Social Security Administration's ("Commissioner") final decision when the Social Security Administration Appeals Council denied Gracia's request for review. This appeal followed. For the following reasons, the Court reverses the Commissioner's decision and remands this matter for further proceedings.

**I. Background**

        To determine whether a claimant is disabled for purposes of the SSA, the ALJ

---

[1] The docket incorrectly identifies Gracia's last name as "Garcia."

follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. If not, the claimant is disabled.

Here, the ALJ found at step one that Gracia meets the insured status requirements of the SSA through December 31, 2018, and has not engaged in substantial gainful activity since his alleged disability onset date. (A.R. 17.) At step two, the ALJ found that Gracia has the following severe impairments: residuals of cervical fusion, congenital abnormalities of the thoracic spine, mild degenerative changes of the lumbar spine, a history of obesity, and restrictive lung disease/asthma. (*Id.*) At step three, the ALJ determined that Gracia's listed impairments do not meet or equal the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 18.) At step four, the ALJ found that Gracia:

> has the [RFC] to perform light work . . . except [he] can lift 20 pounds occasionally and ten pounds frequently; [he] can stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; [he] can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, and scaffolds; [he] is limited to

>  occasional overhead reaching; and [he] should avoid concentrated exposure to extreme cold, fumes, odors, dust, gases, moving and dangerous machinery, and unprotected heights.

(*Id.* at 19.) Based on this RFC, the ALJ found at step five that Gracia is capable of performing past relevant work as a quality control technician and, alternatively, that he can perform other jobs that exist in significant numbers in the national economy. (*Id.* at 32-33.) Accordingly, the ALJ found Gracia not disabled within the meaning of the SSA. (*Id.* at 34.)

**II. Standard of Review**

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

**III. Discussion**

On appeal, Gracia argues that the ALJ erred by (1) rejecting the opinion of consultative psychological examiner Dr. Frizzell, (2) basing his non-disability decision on non-examining state agency reviewers' opinions along with the opinion of a consultative examiner who did not review Gracia's medical records, and (3) discounting Gracia's testimony about the severity of his symptoms.

To the first point, the Court concludes that the ALJ reasonably rejected the opinion of Dr. Frizzell, who opined that Gracia was poorly adjusted, markedly depressed and

irritable, would be unable to maintain regular attendance, and would require substantial supervision. (A.R. 590-91.) The ALJ gave this opinion little weight because Gracia had not received any psychiatric care or taken any psychiatric medications, and indicated at the hearing only that he had difficulty with stress. (*Id.* at 51-52, 57.) The ALJ also found that the opinion was inconsistent with Dr. Frizzell's own examination findings, including that Gracia displayed no bizarre or unusual thought processes and had intact concentration, judgment, and insight. (*Id.* at 30-31, 587-592.) Finally, the ALJ found Dr. Frizzell's opinion less reliable because Gracia's wife provided most of the information during the evaluation, ostensibly because Gracia "appeared to speak broken English to some degree." (*Id.* at 30-31, 587.) Yet during the hearing, Gracia communicated clearly in English without the aid of an interpreter. Moreover, the ALJ noted that Gracia's wife provided some inaccurate information to Dr. Frizzell. Collectively, these concerns adequately supported the ALJ's decision to reject Dr. Frizzell's opinion.

As to the second point, the Court is troubled by the fact that neither of the consultative examiners, Drs. Hunter and Gomez, was provided copies of Gracias' medical records before their examinations. (*Id.* at 1293, 1301.) Social Security regulations require the agency to provide consultative examiners with "any necessary background information about [the claimant's] condition," 20 C.F.R. § 404.1517, and some courts have viewed with skepticism consultative examiner opinions rendered without a review of relevant medical records, *see, e.g., McKenna v. Chater*, 893 F. Supp. 163, 170 (E.D.N.Y. 1995). Notably, there are no treating physician assessments in this record, and because non-examining state agency reviewer opinions are not, in and of themselves, substantial evidence, the opinions of the consultative examiners take on additional importance.

Here, Drs. Gomez and Hunter offered drastically different opinions concerning Gracia's limitations. Dr. Gomez found that Gracia has noticeable postural instability, uses knee braces and a four-wheeled walker for stability, is unable to perform "the toe walk, heel walk, [or] tandem walk" even with the help of his walker, and "does not

- 4 -

appear to be able to keep his balance for more than a few seconds without the walker." (A.R. 1292.) Dr. Gomez also found that Gracia has diminished sensation and weakness throughout his body, and opined that Gracia would be unable to lift almost anything while standing. (*Id.* at 1291-93.)

Dr. Hunter, in contrast, found that Gracia has "normal gait with a normal station," is able to walk on toes and heels "without difficulty," and has intact sensation in all four extremities. (*Id.* at 1304.) Dr. Hunter also found that Gracia's knees "appear stable on examination despite the fact that he has extensive bracing about both knees," noted "it is unclear . . . why he requires such extensive assistive devices," and observed that Gracia appears to have good strength. (*Id.* at 1305.) Dr. Hunter opined that Gracia "is able to do significantly more than he wishes this examiner to appreciate." (*Id.*)

Under the circumstances, the Court concludes that the ALJ should have resolved these conflicting opinions by soliciting an opinion from a consultative examiner who had reviewed Gracia's medical records prior to rendering a decision. Indeed, without such an opinion, the ALJ is left with his own interpretation of the medical records and the opinions of non-examining state agency reviewers who reviewed partial sets of records. Accordingly, the Court will reverse the ALJ's decision and remand with instructions to solicit the opinion of a consultative examiner who has been provided copies of Gracia's medical records for review prior to the examination.[2]

Lastly, the ALJ discounted Gracia's subjective symptom complaints, in part because the ALJ found they were inconsistent with the overall medical record. The Court declines to opine on the ALJ's credibility determination in light of its decision to remand for further proceedings. Indeed, the opinion of a consultative examiner who has reviewed Gracia's medical records might bear on the extent to which Gracia's symptom testimony is consistent with the medical evidence. Accordingly, on remand the ALJ is

---

[2] Contrary to Gracia's argument, this is not a case appropriate for application of the credit-as-true rule. There quite clearly are conflicts in the medical opinion testimony and further proceedings would serve a useful purpose: namely, providing an opportunity for the ALJ to solicit the type of opinion Gracia contends is required by agency regulations.

free to reconsider Gracia's symptom testimony in light of whatever opinions might be rendered by a consultative examiner who has reviewed Gracia's medical records prior to examination.

**IT IS ORDERED** that the Commissioner's decision is **REVERSED** and this matter **REMANDED** for further proceedings consistent with this decision. The Clerk of the Court shall terminate this case.

Dated this 14th day of September, 2018.

Douglas L. Rayes
United States District Judge